UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEANDRA L. REMY,

v.  Case No. 8: 97-cr-31-T-17TGW
8: 05-cv-825-T-17TGW

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court on Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1, cr-56). on April 11, 1997, Defendant pled guilty count one of a superseding indictment which charged the Defendant with conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. On November 20, 1997, the Court sentenced Defendant to 188 months incarceration. The remaining counts of the superseding indictment were dismissed on the Government's motion.

Judgment was entered November 19, 1997. Defendant did not appeal the judgment and conviction. On November 17, 1998, Defendant signed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cr-34), which he later voluntarily moved to withdraw. (Doc. cr-35) On January 8, 1999, the Court, after a motion by the Government, resentenced Defendant to 92 months incarceration. (Doc. cr-36).

On February 22, 1999, the Court granted Defendant's motion to withdraw his section 2255 motion to vacate. (Doc. cr-37) On October 10, 2003 the Probation Office filed a

petition for warrant or summons for offender [Remy] under supervised release, which the Court granted. (Doc. cr-38, cr-39) After a hearing, the Court revoked Remy's supervised release and Defendant was sentenced to five years imprisonment. (Doc. cr-47). Judgment was entered November 12, 2003. (Doc. cr-47). Defendant did not appeal.

On June 14, 2004, Defendant filed a motion to compel discovery (Doc. cr-50) which the Court denied because Defendant had nothing pending before the Court. (Doc. cr-50, cr-51). On February 3, 2005, Defendant filed a second motion for discovery and a motion to appoint counsel. (Doc. cr-52, cr-54) On April 6, 2005, the United States Court of Appeals for the Eleventh Circuit denied Defendant's second application for successive habeas petition as unnecessary. (Doc. cr-56).

On April 26, 2005, Defendant signed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 raising four grounds for relief.

## DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

### Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government

impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. Defendant Remy's conviction became final 10 days after the entry of judgment, or November 20, 2003. See Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). Therefore, Remy had until November 21, 2004, to file a timely section 2255 motion. He did not do so, and his motion to vacate is time-barred.

Defendant has not demonstrated that any exceptional circumstances warrant equitable tolling.

## DEFENDANT'S CLAIMS

Even if the motion to vacate were not time-barred, Defendant Remy would not prevail on any of the grounds he raises. Grounds one, two, and three have no merit. To the extent that he is alleging that his sentence was imposed in error on the basis of the holdings in United States v. Booker, 125 S.Ct. 738 (2005) and Blakely v. Washington, 124 S.Ct. 2531 (2004), his claims fail because neither Booker nor Blakely apply retroactively on collateral attack. See Varela v. United States, 400 F.3d 864 (11th Cir. 2005).

In ground four, Defendant alleges that "if he is not afford[ed] to litigate in § 2255

these unconstitutional violations in which the AEDPA prevents the hearing of the merits then, the AEDPA is unconstitutional as a violation of [the] due process clause." Ground four fails because the Eleventh Circuit has found that the AEDPA is not unconstitutional. See Wyzykowski v. Department of Corrections, 226 F.3d 1213 (11th Cir. 2000).

Accordingly, the Court orders:

That Remy's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1, cr-56) is denied. The Clerk is directed to enter judgment against Remy in the civil case and to close that case.

ORDERED in Tampa, Florida on June 2, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Donald L. Hansen

Pro so: Deandra Lenard Remy